IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARSELLA D. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-006 |
| | ) | |
| MICHAEL THOMAS, Warden Dodge State Prison and WARDEN STOKES, Central State Prison, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 4, 2025, after denying Plaintiff's first IFP motion, the Court consolidated another case filed by Plaintiff with this case, denied Plaintiff's renewed IFP motion, and directed him to pay the $405.00 filing fee within twenty-one days. (See doc. no. 6.) The Court also directed Plaintiff to submit an amended complaint within that same twenty-one-day period. (See id. at 4-6.) Plaintiff was cautioned failure to respond may result in a recommendation that this case be dismissed. (See id. at 8.) The Court subsequently consolidated a third case filed by Plaintiff with this case, (doc. no. 7, pp. 3-4), and twice extended the deadline for Plaintiff to comply with the March 4th Order after Plaintiff was relocated to Rutledge State Prison. (See id. at 4-5; doc. no. 7.) Plaintiff was again cautioned failure to respond may result in a recommendation that this case be dismissed. (See doc. no. 7, p. 8.) Plaintiff's extended deadline has passed, and Plaintiff has not paid the filing fee or

submitted an amended complaint as required by the Court's March 4th Order. Nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to pay the filing fee and file an amended complaint, or even to provide an explanation for his failure to comply with the Court's March 4th Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, Local Rule 4.2(2) directs that

2

failure to pay the filing fee within twenty-one days of the Court's Order instructing him to do so should result in dismissal of the complaint. The Court cautioned Plaintiff failure to pay the filing fee would result in a recommendation for dismissal. (Doc. no. 6, p. 8; doc. no. 7, p. 8.) Furthermore, because Plaintiff requested permission to proceed IFP and did not pay the filing fee when directed to do so, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

    In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or filed an amended complaint as required by the Court's prior Orders and Local Rule 4.2(2). Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

    SO REPORTED and RECOMMENDED this 14th day of May, 2025, at Augusta, Georgia.

<br>

                                            BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA